```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                     CENTRAL DIVISION at LEXINGTON
```

| | |
|---|---|
| HEZZIE BISHOP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Case No. |
| v. ) | 5:17-cv-00424-JMH |
| ) | |
| TENNESSEE GAS PIPELINE, LLC, ) | **MEMORANDUM OPINION** |
| KINDER MORGAN OPERATING, L.P. ) | **AND ORDER** |
| "A", KINDER MORGAN G.P., INC., ) | |
| A.S.T. ENVIRONMENTAL, INC., ) | |
| AMEC FOSTER WHEELER ) | |
| ENVIRONMENT & INFRASTRUCTURE, ) | |
| INC., and CLEAN HARBORS ) | |
| ENVIRONMENTAL SERVICES, INC. ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

                              ***

This matter is before the Court on Plaintiff's Motion to Remand to State Court. (DE 8). Defendants have responded (DE 9) and Plaintiff replied (DE 10), thus, Plaintiff's motion is ripe for decision. Having reviewed the motion, response, and reply, and being otherwise adequately advised, the Court will deny Plaintiff's motion for the reasons set forth below.

*Background*

This case arises from an incident alleged to have occurred on August 1, 2016. Plaintiff alleges that a natural gas compression station owned and operated by Tennessee Gas Pipeline, LLC "discharged natural gas condensate and compressor oil." (DE 1,

Compl. ¶1). Plaintiff allege the condensate contained "toxic compounds including, but not limited to, Benzene, Heptane, and Decane." (*Id.* at ¶3). This discharge allegedly "created a visible oily film which settled on Plaintiff's persons and Plaintiff's physical and personal property" and caused "temporary and permanent damage to Plaintiff's physical and personal property as well as emotional distress and inconvenience." (*Id.* at ¶¶5, 7.) Plaintiff also claim personal injuries resulted from their exposure to the condensate and compressor oil. (*Id.* at ¶18). Plaintiff's complaints against the Tennessee Pipeline and Kinder Morgan defendants include negligence, negligence per se; product liability; temporary nuisance; trespass; res ipsa loquitor; battery; and punitive damages. Plaintiff further alleges that A.S.T. Environmental, Inc.; AMEC Foster Wheeler Environment & Infrastructure, Inc.; and Clean Harbors Environmental Services, Inc. (collectively referred to by Plaintiff as the "Remediation Defendants"), engaged in "remediation efforts" at their property and "were negligent in their efforts to rid Plaintiff's home, personal property and real property of the remnants of the natural gas condensate and compressor oil discharge." (Compl., at ¶¶68 and 35) Plaintiff assert counts for negligence and punitive damages against the Remediation Defendants.

Plaintiff filed her lawsuit in Powell Circuit Court on June 20, 2017. The parties exchanged discovery over the following

months. Defendants served Request for Admissions, Interrogatories, and Requests for Production of Documents on Plaintiff in an effort to determine the amount in controversy. Although Plaintiff did not initially admit or deny that the amount in controversy exceeded $75,000 (DE 1, pp. 58-59), after removal Plaintiff supplemented their answers to discovery and admitted that they were not seeking in excess of $75,000 (DE 8, pp. 9-11). The parties appear to agree that diversity of citizenship is not at issue in the motion to remand.

*Standard*

The statute authorizing removal, 28 U.S.C. § 1441, provides that an action is removable only if it initially could have been brought in federal court. A federal court has original "diversity" jurisdiction where the suit is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of costs and interest. 28 U.S.C. § 1332(a). Therefore, a defendant desiring to remove a case from state to federal court has the burden of establishing the diversity jurisdiction requirements of an original federal court action, including the amount in controversy requirement. *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 612 n. 28 (1979). That burden is not an insubstantial one. *McKinney v. ICG, LLC*, No. 13-cv-12, 2013 WL 1898632, at *1 (E.D. Ky. May 7, 2013).

Where, as here, the complaint seeks an unspecified amount of damages "that is not self-evidently greater or less than the federal amount-in-controversy requirement," the removing defendants must carry its burden by a preponderance of the evidence. *Id.* at *2 (E.D. Ky. May 7, 2013)(citing *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir.1993), *abrogated on other grounds by Friend*, 530 U.S. 77). The preponderance-of-the-evidence test requires defendants to support their claims to jurisdiction by producing "competent proof" of the necessary "jurisdictional facts." *Id*. (citing *Gafford,* 997 F.2d at 160)(internal citations omitted). "Competent proof" can include affidavits, documents, or interrogatories. *Ramsey v. Kearns*, No. 12-cv-06, 2012 WL 602812, at *1 (E.D. Ky. Feb. 23, 2012)(citing *Gentek Bldg. Prods., Inc. v. Sherwin–Williams Co.,* 491 F.3d 320, 330 (6th Cir. 2007)(internal citation omitted)).

If the defendant does not produce evidence showing it is more likely than not that the Plaintiff's claims exceed $75,000, the case must be remanded to state court. *Id*. Federal courts are courts of limited jurisdiction, therefore, any doubts regarding federal jurisdiction should be construed in favor of remanding the case to state court. *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 109 (1941); *Walsh v. American Airlines, Inc.,* 264 F. Supp. 514, 515 (E.D. Ky. 1967).

*Discussion*

Here, because Defendant removed this case from state court, it has the burden of proving that the requirements of diversity jurisdiction, including the amount in controversy, are satisfied by a preponderance of the evidence. *McKinney*, 2013 WL 1898632, at *2. "(I)n reviewing the denial of a motion to remand, a court looks to whether the action was properly removed in the first place." *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871–72 (6th Cir. 2000). Regarding the amount in controversy, Defendant states as follows in its Notice of Removal:

> 14. In Plaintiff's responses to TGP's Interrogatories and Requests for Production of Documents served September 29, 2017, Plaintiff indicates at least $119,5001 for the destruction, damage and loss of value of personal and real property. . . .
>
> 15. Upon information and belief based on TGP's thorough investigation, including allegations of the Plaintiff's Complaint and Plaintiff's discovery responses indicating the alleged destruction, damage, and loss of value of personal and real property exceeds $119,500 exclusive of all other claims, the amount in controversy exceeds $75,000, the jurisdictional requirement of this Court.
>
> 16. Out of an abundance of caution considering the 30-day deadline pursuant to 28 U.S.C. § 1446(b), and given Plaintiff's unwillingness to stipulate regarding the amount in controversy, TGP hereby provides notice that it is removing this matter to the Eastern District of Kentucky.

(DE 1, Defendant's Notice of Removal at ¶¶ 14-16).

5

Plaintiff argues that she eventually supplemented her discovery answers to state that she is not seeking in excess of $75,000. Amount-in-controversy, for purposes of removal under 28 U.S.C. § 1441, is assessed at the time of removal, not answers to discovery a plaintiff may later make. Notably, Plaintiff simply answered that she is not seeking in excess of $75,000; she has not stipulated to that.

The Court "review(s) the damages sought by Plaintiff at the time of removal." *Hayes v. Equitable Energy Resources Co.*, 266 F.3d 560, 573 (6th Cir. 2001). Plaintiff claimed that the amount in controversy would not exceed $75,000 only after this case had already been removed. Events occurring after removal, including post-removal supplemental answers to discovery, "which reduce the amount recoverable below the statutory limit do not oust jurisdiction." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 290 (1938). At the time of removal, Plaintiff had provided discovery responses that included more than $100,000 in property damages alone and refused to provide any value or limitation on recovery for personal injury including past, present, and future medical bills, pain and suffering, mental anguish, punitive damages, and consequential damages. (DE 9, Defs. Resp., Ex. C). Plaintiff now claims the $100,000 in damages she attached to her discovery responses were not the actual value she is seeking; however, again, the determination of jurisdiction is

made at the time of removal. At that time, Defendants had information that reasonably supported more than $100,000 in property damages alone. (*Id.*)

While it appears property damages could reasonably exceed the jurisdictional limit of this court, that does not include any potential award for medical expenses, mental anguish, increased risk of future harm, punitive damages, or an award of pain and suffering. Even small awards for these claimed damages further supports Defendant's position that the amount in controversy in this matter was in excess of $75,000 at the time of removal. Thus, the Court finds that at the time of removal, a realistic assessment of the record establishes the jurisdictional amount of $75,000.

Accordingly, for the reasons stated herein and the Court being otherwise sufficiently advised, **IT IS ORDERED** that Plaintiff's Motion to Remand be, and the same hereby is, **DENIED**.

This the 27th day of September, 2018.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge